UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                              §
                                    §
STONE, THOMAS MARK                  §     Case No. 10-47087 JPC
                                    §
            Debtor(s)               §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on      . The undersigned trustee was appointed on         .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (10/1/2010) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____.

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/RONALD R. PETERSON_____
                                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (10/1/2010) *(Page: 2)*

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 1

Exhibit A

| Case No: | 10-47087 | Judge: JACQUELINE P. COX | | Trustee Name: | RONALD R. PETERSON |
|---|---|---|---|---|---|
| Case Name: | STONE, THOMAS MARK | | | Date Filed (f) or Converted (c): | 10/21/10 (f) |
| | | | | 341(a) Meeting Date: | 12/29/10 |
| For Period Ending: | 08/05/11 | | | Claims Bar Date: | 03/31/11 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) DA=554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets | Lien Amount | Exempt Amount |
| 1. 616 Meadow Drive, Glenview, IL | 800,000.00 | 0.00 | | 0.00 | 0.00 | 965,000.00 | 15,000.00 |
| 2. 1210 N. Elmwood, Peoria IL | 46,860.00 | 0.00 | | 10,000.00 | 0.00 | 69,974.00 | 0.00 |
| 3. Checking Account with Glenview State Bank | 2,500.00 | 0.00 | | 0.00 | 0.00 | 0.00 | 2,500.00 |
| 4. Checking Account with Glenview State Bank | 1,500.00 | 0.00 | | 0.00 | 0.00 | 0.00 | 1,500.00 |
| 5. household goods, furniture | 2,200.00 | 0.00 | | 0.00 | 0.00 | 0.00 | 2,200.00 |
| 6. books, family pictures | 500.00 | 0.00 | | 0.00 | 0.00 | 0.00 | 500.00 |
| 7. necessary wearing apparel | 250.00 | 0.00 | | 0.00 | 0.00 | 0.00 | 250.00 |
| 8. costume jewelry | 50.00 | 50.00 | | 0.00 | 50.00 | 0.00 | 0.00 |
| 9. electronics, photographic equipment | 500.00 | 0.00 | | 0.00 | 0.00 | 0.00 | 500.00 |
| 10. 529 plan for children | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 | 0.00 |
| 11. Stone International (jewelry brokerage business), | 100.00 | 0.00 | | 0.00 | 0.00 | 0.00 | 100.00 |
| 12. 2008 Toyota 4-Runner | 15,000.00 | 15,000.00 | | 0.00 | 15,000.00 | 0.00 | 0.00 |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.18 | Unknown | 0.00 | 0.00 |
| | | | | | Gross Value of Remaining Assets | | |
| TOTALS (Excluding Unknown Values) | $869,460.00 | $15,050.00 | | $10,000.18 | $15,050.00 | $1,034,974.00 | $22,550.00 |

LFORM1EX UST Form 101-7-TFR (10/1/2010) *(Page: 3)* Ver: 16.02b

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| Case No: | 10-47087 | Judge: JACQUELINE P. COX | | Trustee Name: | RONALD R. PETERSON |
| Case Name: | STONE, THOMAS MARK | | | Date Filed (f) or Converted (c): | 10/21/10 (f) |
| | | | | 341(a) Meeting Date: | 12/29/10 |
| | | | | Claims Bar Date: | 03/31/11 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) DA=554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets | Lien Amount | Exempt Amount |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Debtor owns one-third interest in home equity.

Initial Projected Date of Final Report (TFR): 08/31/12    Current Projected Date of Final Report (TFR): 08/31/12

_____    Date: _____

RONALD R. PETERSON

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1
Exhibit B

| Case No: | 10-47087 -JPC | | Trustee Name: | RONALD R. PETERSON |
| Case Name: | STONE, THOMAS MARK | | Bank Name: | BANK OF AMERICA, N.A. |
| | | | Account Number / CD #: | *******9247 Money Market Account (Interest Earn |
| Taxpayer ID No: | *******4745 | | | |
| For Period Ending: | 08/05/11 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 05/18/11 | 2 | Thomas Mark Stone | | 1110-000 | 10,000.00 | | 10,000.00 |
| 05/31/11 | INT | BANK OF AMERICA, N.A. | INTEREST REC'D FROM BANK | 1270-000 | 0.02 | | 10,000.02 |
| 06/30/11 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.08 | | 10,000.10 |
| 07/29/11 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.08 | | 10,000.18 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | 10,000.18 | 0.00 | 10,000.18 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 10,000.18 | 0.00 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 10,000.18 | 0.00 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Money Market Account (Interest Earn - ********9247 | 10,000.18 | 0.00 | 10,000.18 |
| | ----------------------- | ----------------------- | ----------------------- |
| | 10,000.18 | 0.00 | 10,000.18 |
| | ============= | ============= | ============= |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals    10,000.18    0.00

UST Form 101-7-TFR (10/1/2010) *(Page: 5)*

LFORM24

Ver: 16.02b

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

Case Number: 10-47087
Debtor Name: STONE, THOMAS MARK

Page 1
Claim Class Sequence

Date: August 05, 2011

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 000001 070 7100-00 | RBS Citizens N.A. Rosenfeld, Hafrom, Shapiro & Farmer 221 N. LaSalle, Suite 1763 Chicago, IL 60601 | Unsecured | Filed 01/14/11 | $0.00 | $141,150.61 | $141,150.61 |
| 000002 070 7100-00 | RBS Citizens 480 Jefferson Blvd RJE 135 Warwick RI 02886 | Unsecured | Filed 01/18/11 | $0.00 | $8,219.34 | $8,219.34 |
| 000003 070 7100-00 | Toyota Motor Credit Corporation c o Becket and Lee LLP POB 3001 Malvern, PA 19355-0701 | Unsecured | Filed 01/19/11 | $0.00 | $9,041.69 | $9,041.69 |
| 000004 070 7100-00 | American Express Bank, FSB c o Becket and Lee LLP POB 3001 Malvern, PA 19355-0701 | Unsecured | Filed 03/02/11 | $0.00 | $4,241.00 | $4,241.00 |
| 000005 070 7100-00 | WCPT-AM Radio (8531) c/o Szabo Associates, Inc. 3355 Lenox Road NE, 9th Floor Atlanta, GA 30326 | Unsecured | Filed 03/22/11 | $0.00 | $3,100.00 | $3,100.00 |
| 000006 070 7100-00 | FIA Card Services, NA/Bank of America by American InfoSource LP as its agent PO Box 248809 Oklahoma City, OK 73124-8809 | Unsecured | Filed 03/25/11 | $0.00 | $9,188.31 | $9,188.31 |
| 000007 070 7100-00 | BMW Financial Services NA, LLC P.O. Box 201347 Arlington, TX 76006 | Unsecured | Filed 03/25/11 | $0.00 | $6,625.25 | $6,625.25 |
| 000008 070 7100-00 | Scott Chamberland c/o Schirott, Luetkehans & Garner 105 E. Irving Park Road Itasca, IL 60143 | Unsecured | Filed 06/30/11 | $0.00 | $143,571.52 | $143,571.52 |
| | Case Totals: | | | $0.00 | $325,137.72 | $325,137.72 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

                                                          Exhibit D

Case No.: 10-47087 JPC
Case Name: STONE, THOMAS MARK
Trustee Name: RONALD R. PETERSON

        Balance on hand                                                  $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: RONALD R. PETERSON | $ | $ | $ |
| Trustee Expenses: RONALD R. PETERSON | $ | $ | $ |

        Total to be paid for chapter 7 administrative expenses         $_____

        Remaining Balance                                                            $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

        In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

        Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $           have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | RBS Citizens N.A.<br>Rosenfeld, Hafrom, Shapiro & Farmer<br>221 N. LaSalle, Suite 1763<br>Chicago, IL 60601 | $ | $ | $ |
| 000002 | RBS Citizens<br>480 Jefferson Blvd<br>RJE 135<br>Warwick RI 02886 | $ | $ | $ |
| 000003 | Toyota Motor Credit Corporation<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | $ | $ | $ |
| 000004 | American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | $ | $ | $ |
| 000005 | WCPT-AM Radio (8531)<br>c/o Szabo Associates, Inc.<br>3355 Lenox Road NE, 9th Floor<br>Atlanta, GA 30326 | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000006 | FIA Card Services, NA/Bank of America by American InfoSource LP as its agent PO Box 248809 Oklahoma City, OK 73124-8809 | $ | $ | $ |
| 000007 | BMW Financial Services NA, LLC P.O. Box 201347 Arlington, TX 76006 | $ | $ | $ |

Total to be paid to timely general unsecured creditors                $_____

Remaining Balance                                                     $_____

 

 

Tardily filed claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000008 | Scott Chamberland c/o Schirott, Luetkehans & Garner 105 E. Irving Park Road Itasca, IL 60143 | $ | $ | $ |

Total to be paid to tardy general unsecured creditors                 $_____

Remaining Balance                                                     $_____

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE